POLEN, Judge.
Appellant, Nancy M. Weathers-Mathers, appeals the trial court’s order dismissing her second amended complaint with prejudice. Under the unique facts of this case, we reverse.
Appellant’s complaint alleged that one of the six units in an apartment building she purchased from appellee had been constructed without a building permit. She sought damages for breach of the sales contract and negligent misrepresentation. Appellee moved to dismiss, alleging that appellant and her former husband had purchased the property as tenants by the entirety, and subsequent to the couples’ dissolution and the transfer of title to appellant, she transferred title to the Nancy Weathers-Mathers revocable trust, naming herself as sole trustee and sole beneficiary. Appellee argued that appellant could not bring suit on the contract in any capacity, either individually, as trustee, or as beneficiary, and that appellant was unable to maintain a cause of action for negligence because of the economic loss rule.
We reverse the dismissal of appellant’s complaint, concluding that under the unique facts present here, the dismissal denied appellant her right to a remedy. Lex semper dabit remedium. The law will always give a remedy. Appellant executed a sales contract with appellee. It is undeniable that whether one speaks of appellant as beneficiary of the trust, as trustee of the trust, or as an individual, all are one in the same. If appellant is able to prove a breach of the sales contract or a tort, she is entitled to recovery for that wrong. The order dismissing appellant’s complaint with prejudice denied appellant her day in court.
We also reverse the trial court’s dismissal as to Count II of appellant’s complaint for negligent misrepresentation. Recognizing that appellant cannot collect the same damages pursuant to each of her two theories of recovery, again under the unique facts of this case, and for purposes of the motion to dismiss appellant’s complaint, we do not believe that the economic loss rule precludes appellant from going forward with each of her theories.
The order dismissing appellant’s complaint with prejudice is reversed and this case is remanded with instructions to reinstate the complaint.
REVERSED and REMANDED.
ANSTEAD, J., concurs.
FARMER, J., concurs in result only.